UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ROY KEETON, <br> Plaintiff, <br> v. <br> JEFF LYNCH, et al., <br> Defendants. | No. 2:20-cv-2270-EFB P <br><br> ORDER[1] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a complaint and several miscellaneous "motions." *See* ECF No. 1, 5, 7, 9,[2] 10.

---

[1] Given plaintiff's visual impairment, the court has increased the font size of this order.

[2] ECF No. 9 is plaintiff's application for leave to proceed in forma pauperis. Because plaintiff has been designated a three-strikes litigant for purposes of 28 U.S.C. § 1915(g), *see Keeton v. Marshall*, NO. CV 17-1213-FMO (KS), 2018 U.S. Dist. LEXIS 156582 (C.D. Cal., Sept. 13, 2018), the court defers ruling on this request. Upon plaintiff's filing of a legible complaint, the court will review it to determine whether plaintiff was under

## Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court cannot discharge its duty under § 1915A because plaintiff's handwritten 34-page complaint is mostly illegible. *See* E.D. Cal. Local Rule 130(b) (requiring that complaints be legible). To proceed, plaintiff must file an amended complaint that is legible, i.e., typed or neatly written with adequate spacing between letters, words, and lines.

Any amended complaint must not add new, unrelated claims. As best the court can tell, the original complaint concerns lack of library access and the mismanagement of plaintiff's diabetes. *See* ECF No. 1.

## Miscellaneous Motions

On November 23, 2020, plaintiff filed a "motion to the courts addressing his being denied of the right to attend within the law library facilities." ECF No. 5. As best the court can tell, plaintiff is asserting that he was denied access to the law library and requests appointment of counsel. It is not clear from the

---

imminent danger of serious physical injury when he commenced this action on November 13, 2020. *See* 28 U.S.C. § 1915(g).

mostly illegible filing what relief plaintiff seeks from the court (apart from appointment of counsel) or why he requires library access.

On December 2, 2020, plaintiff filed a "Notice to the Courts" stating that he had misspelled several of the 23 defendants' names in the original complaint. ECF No. 7. He again requested appointment of counsel and stated he had been denied access to the law library.

On May 20, 2021, plaintiff again requested "assignment of counsel," as well as "large print materials" on account of a visual impairment. ECF No. 10.

I. Request for Counsel and Request for Large Print Materials

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Plaintiff's requests for appointment of counsel are therefore denied.

As an accommodation to plaintiff regarding his visual impairment, the court will attempt to send its orders in large print, to the extent possible.

## II.   Law Library Access and Notice of Misspellings

If plaintiff finds that he cannot comply with a court-imposed deadline because of lack of library access, he may request an extension of time from the court.  In any such request, plaintiff should describe the efforts he has made to meet the deadline and state why library access is required for such compliance.  He shall also describe the efforts he has made to access the library and state why those efforts were unsuccessful.

As a one-time courtesy, the court will direct the Clerk of the Court to send plaintiff a copy of the handwritten portion of his original complaint.  Plaintiff may refer to this courtesy copy to prepare an amended complaint in accordance with this order and doing so should not require library access.

In drafting an amended complaint, plaintiff may correct any misspelled names of the defendants.

## Conclusion

Accordingly, IT IS ORDERED that:

1. The complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order.  The complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to obey a court order and/or failure to prosecute.

/////

2. The Clerk of Court is directed to send plaintiff (a) a courtesy copy of pages 1-34 of ECF No. 1, and (b) the form for use in filing civil rights actions in this district.
3. The Clerk of the Court shall terminate ECF Nos. 5, 7, and 10 in accordance with this order.

Dated:  September 9, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE