UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ROY KEETON,<br>　　　　Plaintiff,<br>　v.<br>JEFF LYNCH, et al.,<br>　　　　Defendants. | No. 2:20-cv-2270-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS[1] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] Given plaintiff's visual impairment, the court has increased the font size of this order.

>or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A review of court records reveals that it was determined in *Keeton v. Marshall*, NO. CV 17-1213-FMO (KS), that plaintiff has "struck out" under 28 U.S.C. § 1915(g). *Keeton v. Marshall*, NO. CV 17-1213-FMO (KS), 2018 U.S. Dist. LEXIS 156557 (C.D. Cal., June 8, 2018) (findings and recommendations), *adopted by* 2018 U.S. Dist. LEXIS 156582 (C.D. Cal., Sept. 13, 2018).

      The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Here, plaintiff advances the following assortment of claims:[2] (1) denial of access to the courts and interference with his administrative appeals (ECF No. 14 at 3, 5, 11-18); (2) that on September 20, 2020, Officer Jora threatened to make plaintiff's life miserable and that "plaintiff would probably lose his life by his own hands or he'd have another inmate do his dirty work for him" (*id.* at 12); (3) that plaintiff was repeatedly charged with false rules violations (*see generally*

---

[2] On November 15, 2021, pursuant to the court's September 9, 2021 order, plaintiff filed an amended complaint.  ECF No. 14.  Prior to filing the amended complaint, plaintiff sought several extensions of time.  *See* ECF Nos. 12 & 13.  Those requests are denied as moot.

1  *id.*); (4) that on May 2, 2020, June 5, 2020, and August 4, 2020,
2  no medical care was summoned for plaintiff's "major very low
3  diabetic hyperglycemia reaction" reaction (*id.* at 15, 19); (5) that
4  Dr. Arya changed plaintiff's diabetes treatment plan, which
5  worsened plaintiff's condition (*id.* at 4, 19); and (6) that on
6  October 25, 2020, plaintiff was afraid that Officer Jora had
7  housed him with an inmate who was going to harm plaintiff
8  because the cellmate "acted weird" (*id.* at 21).  While the
9  allegations about failures to summon medical care and Officer
10 Jora threatening plaintiff's life are certainly troubling, the court
11 notes that plaintiff has not been housed where the alleged
12 violations took place since October 10, 2021.  *See* ECF No. 12
13 (noting new address).  More importantly for the instant analysis,
14 however, is that the operative complaint falls short of plausibly
15 alleging that plaintiff faced an imminent danger of serious
16 physical injury when he filed his original complaint on
17 November 10, 2020 (ECF No. 1 at 297).
18      Plaintiff's application for leave to proceed in forma
19 pauperis must therefore be denied pursuant to § 1915(g).
20 Plaintiff must submit the appropriate filing fee in order to
21 proceed with this action.
22      Accordingly, it is ORDERED that:
23      1. Plaintiff's requests for extensions of time to file an
24         amended complaint (ECF Nos. 12 & 13) are denied as
25         moot; and
26 /////
27 /////
28 /////

    2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

    1.  Plaintiff's application to proceed in forma pauperis (ECF No. 9) be denied; and

    2.  Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE